IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   Criminal Case No. 1:09CR123

JONATHAN HEILIGH,

        Defendant.

### MOTION BY DEFENDANT, JONATHAN HEILIGH, TO CONSOLIDATE COUNTS OR DISMISS INDICTMENT FOR MULTIPLICITY

Comes now the Defendant, Jonathan Heiligh, by and through counsel, William Pennington, and moves this Honorable Court for relief due to multiplicity in the Indictment in this matter relative to the charges contained in Counts 2 and 3.

Multiplicity in an indictment occurs when one crime or act has been divided into more than one count.  *See* U.S. v. Sue, 586 F.2d 70, 71, n.1 (8th Cir. 1978).  In this case, the Defendant, Jonathan Heiligh, has been charged in Count 2 with the offense of forcibly assaulting with a dangerous weapon an employee of the U.S. Dept. Of Justice, Bureau of Prisons, while that person was engaged in his official duties based on conduct allegedly on August 25, 2009. The Defendant has been charged in Count 3 with forcibly resisting, opposing and impeding with a dangerous weapon employees of the U.S. Dept. Of Justice, Bureau of Prisons, while said persons were engaged in official duties.  The Defendant is charged in Counts 2 and 3 with separate and distinct violations of 18 U.S.C. § 111(a) and (b) Assaulting, resisting, or impeding certain officers or employees, which provides:

(a) In general. Whoever -

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [18 USCS § 1114] while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114  [18 USCS § 1114] on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.  Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that files to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

The Defendant believes the Government will be unable to make a prima facie showing that the evidence to be adduced in support of these charges depicts anything other than a single distinct and continuous act.

The official Federal Bureau of Prisons Incident Report prepared by the employee/ officer/alleged victim in this matter contains the following Description of the Incident:

On August 25, 2009 at approximately 9:20 am, I was assigned as the A-1 #1 Officer.  While bringing inmates off the yard from outdoor rec, a fight between two inmates broke out on the compound near A-2.  At which time I responded to the fight and ordered the inmate to the ground.  While standing with the inmate I observed inmate Heiligh "09332-007" running towards the disturbance with a weapon in his right hand.  I ordered inmate Heiligh numerous times to get down and drop the weapon.  He refused to comply and proceeded towards me.  Once close enough to me, he swung the knife at my chest and I jumped back.  Heiligh then went towards another inmate and staff that were already on the ground. Officer Forbes then arrived and took Heiligh to the ground while I tried to gain control of his wrist and remove the weapon, In the struggle I was thrown from the pile and landed on my back.  Inmate Heiligh then jumped on me, and with a downward stabbing motion attempted to stab me with the weapon.  I was holding his arm back while responding staff subdued the inmate and was able to gain

control of the assaultive inmate.  I crawled out from under the pile and placed the inmate in restraints, and the weapon was secured.  The weapon was a 9" piece of sharpened metal with rubber bands on the end as a handle.  The weapon was taken to the Lieutenant's Office and placed in the SIS drop box.

The foregoing depicts a single, discrete and continuous course of conduct.  The Government is attempting to in this case to divide this single alleged act into multiple punishable counts by parsing the language of  18 U.S.C. § 111(a)(1) providing for a violation based on a series of terms i.e. "assaults, resists, opposes, impedes, intimidates, or interferes."  In this way, the Government attempts to use a single alleged offense and set of facts to support multiple charges based on a single statutory provision clearly contradictory to legislative intent and principles of double jeopardy.

WHEREFORE, the Defendant, Jonathan Heiligh, respectfully requests this Honorable Court to grant relief upon a finding of multiplicity between Counts 2 & 3 of the Indictment and for any and all other relief which this Honorable Court deems fair and just.

RESPECTFULLY SUBMITTED,
JONATHAN HEILIGH
BY COUNSEL


/s/ William L. Pennington
William L. Pennington
W.Va. State Bar No. 7768
PO Box 891
Morgantown, WV  26507-0891
(304) 296-5695
(304) 296-2174 FAX
bpenn@citynet.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      Criminal Case No. 1:09CR123

JONATHAN HEILIGH,

      Defendant.

## CERTIFICATE OF SERVICE

      I hereby certify that on December 8, 2009, I electronically filed the foregoing MOTION BY DEFENDANT, JONATHAN HEILIGH, FOR RELIEF FROM PREJUDICIAL JOINDER with the Clerk of the Court using the CM/ECF system which will automatically provide a Notice of Electronic Filing to the following:


Mr. David Godwin, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
320 W. Pike St., Suite 300
Clarksburg, WV 26302


                                     /s/ William L. Pennington
                                     William L. Pennington
                                   W.Va. State Bar No. 7768
                                   PO Box 891
                                   Morgantown, WV  26507-0891
                                   (304) 296-5695
                                   (304) 296-2174 FAX
                                   bpenn@citynet.net