# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**V.**                                        **Criminal Action No: 1:09CR123**

**JONATHAN HEILIGH and**
**DOMINIQUE OUTLAW,**
    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Dominique Outlaw's Motion to Sever Trial From Co-Defendant [Docket Entry 14]; Jonathan Heiligh's Motion to Join Defendant's Motion to Sever Trial from Co-Defendant [Docket Entry 15]; Motion for Relief from Prejudicial Joinder [Docket Entry 16]; and Motion to Consolidate Counts or Dismiss Indictment for Multiplicity [Docket Entry 17], all filed on December 8, 2009. The matter was referred to the undersigned by United States District Judge Irene M. Keeley on December 11, 2009 [Docket Entry 18]. The United States filed its Response to the Motions on January 7, 2009 [Docket Entry 21].

The undersigned held a hearing on the Motions on January 13, 2009. Defendants Heiligh and Outlaw appeared in person and by their respective counsel, William Pennington and L. Richard Walker. The United States appeared by its Assistant United States Attorney, David Godwin. The parties declined the undersigned's offer to hear testimony and receive evidence relative to the issues in general and to the issue of prejudice in particular. Therefore, no testimony was heard or evidence submitted by either party and the matter was submitted for decision based solely on the memorandums filed and the oral arguments presented.

## I. Procedural History

A grand jury attending the United States District Court for the Northern District of West Virginia returned a three-count indictment against Defendants on November 4, 2009. Said indictment charges that both defendants aided and abetted each other in the assault with a dangerous weapon of another inmate, with intent to do bodily harm, without just cause and excuse, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, in violation of Title 18, U.S.C. sections 113(a)(3), 2, and 7(3) (Count One); Defendant Heiligh alone with using a dangerous weapon to knowingly and forcibly assault an employee of the BOP, while that employee was engaged in his official duties at USP Hazelton, in violation of Title 18, U.S.C. sections 111(a) and (b) (Count Two); and Defendant Heiligh alone with knowingly and forcibly resisting, opposing, and impeding employees of the BOP while they were engaged in their official duties as employees of USP Hazleton, during which Defendant used a dangerous weapon, in violation of Title 18 U.S.C. sections 111(a) and (b). Defendant Outlaw was arraigned on November 19, 2009, and Defendant Heiligh on November 30, 2009.

## II. Background

Simply put, both defendants are charged in Count One with aiding and abetting each other in the assault with a dangerous weapon of an inmate at USP Hazelton on April 16, 2009. Defendant Heiligh is charged alone in Count Two in the assault with a dangerous weapon of an employee of USP Hazelton, and in Count Three alone with resisting, impeding and opposing with a dangerous weapon employees of USP, both on August 25, 2009.

## III. Discussion

**Severance of Parties**

Outlaw moves the Court to sever his trial from that of Heiligh. Heiligh moves to join Outlaw's Motion. As a threshold matter, the Court **GRANTS** Defendant Heiligh's Motion to Join Defendant Outlaw's Motion to Sever Trial from Co-Defendant [Docket Entry 15].

Under Federal Rule of Criminal Procedure 8(b), "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In this case, it cannot be disputed that both defendants are alleged in Count One to have participated in the same act, aiding and abetting each other in the assault with a dangerous weapon of another inmate. As Outlaw states: "In essence, based on the video evidence, it appears that the government will allege the Defendant punched and kicked the alleged victim, ("CD") while Mr. Heiligh stabbed the [same] victim during a fight in their housing unit." The undersigned finds both defendants are properly joined. Assuming proper joinder, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." U.S. v. Brugman, 655 F.2d 540 (4th Cir. 1981).

Unless a "miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. 200 (1987); U.S. v. Samuels, 970 F.2d 1312 (4th Cir. 1992); U.S. v. Rusher, 966 F.2d 868 (4th Cir. 1992).

The Fourth Circuit generally adheres to the rule that defendants charged with participation in the same offense are to be tried jointly. United States v. Roberts, 881 F.2d 95, 102 (4th Cir. 1989). A defendant is not entitled to severance merely because a separate trial would more likely result in acquittal. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228, 112 S. Ct. 3051, 120 L.Ed.2d 917 (1992).

It is the defendant's burden to prove or show prejudice. Fed. R. Crim. P. 14. Severance is

only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. " Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th cir), cert. denied, 537 U.S. 1094 (2002).

Defendant Outlaw correctly states that he faces no other charges other than those involved in the alleged assault of the inmate on April 16, 2009. He is not charged in Counts Two or Three. He is not charged with assault on a correctional officer with a dangerous weapon or resisting other USP staff with a dangerous weapon on August 25, 2009. Defendant Outlaw also correctly states that evidence of the August 25, 2009, offenses are not admissible against him. Outlaw argues that evidence presented by the United States to prove its case against Heiligh on Counts Two and Three will create a real danger of jury confusion and improper influence for him relative to Count One. Outlaw concludes that at trial, evidence of Heiligh's assault of a correctional officer and resisting staff will unfairly prejudice him and deprive him of a fair trial. He argues that only a separate trial will insure a fair determination of his guilt or innocence.

No right to severance arises because the evidence against one or more defendants is stronger, or more inflammatory, than the evidence against other defendants. See, e.g., Harris, 498 F.3d at 291-92. The Fourth Circuit has also held "speculative allegations" insufficient to require severance. U.S. v. Becker, 585 F.2nd 703 (4th Cir. 1978)("Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance.") In U.S. v. Smith, 44 F.3d 1259 (4th Cir. 1995), the Fourth Circuit rejected even the mirror image of the "stronger evidence against my co-defendant" argument. In the instant case, there has been no showing that the evidence in Count One is stronger as to one defendant than the other. On the other

4

hand, there is no evidence admissible against Outlaw regarding Counts Two and Three.

Rule 14 of the Federal Rules of Criminal procedure provides that the Court may grant a severance "[i]f it appears that a defendant . . . is prejudiced by a joinder . . . of defendants in an indictment . . . ." Rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the courts have long favored limiting instructions to the jury. See, e.g., Harris, 498 F.3d at 291; Najjar, 300 F.3d at 475. Decisions to deny motions to sever are reviewed for abuse of discretion, and factual findings made in connection with those claims for clear error. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

Outlaw argues that severance is warranted when proof at trial is likely to create compelling prejudice as to any individual defendant, citing United States v. Sans, 731 F.2d 1521 (11th Cir. 1984). Further, where there is a significant disparity in the quality and type of evidence to be presented against one defendant, a severance is required, citing United States v. Lane, 584 F.2d 60 (5th Cir. 1978). In Lane, the government introduced extensive evidence of drug transactions, mostly involving one defendant Two other defendants were convicted and appealed. The Fifth Circuit reversed their convictions, stating:

> We are persuaded that evidence of each defendant's guilt presented in isolation might not have been sufficient to produce a conviction, and accumulation of similar evidence of each defendants' alleged narcotics transactions and connections may have tipped the scales in the government's favor.

Id. at 65-66. Outlaw further cites United States v. Jones, 839 F.2d 1041 (5th Cir. 1988), which states "where evidence is admitted indicating that a co-defendant committed a serious crime unrelated to the present charge and the other defendant, the spillover effect of such evidence may create a risk of prejudice requiring severance." Finally, Outlaw cites United States v. Engleman, 648 F.2d 473 (8th Cir. 1981), in which co-defendants charged with mail fraud in connection with a scheme to

murder a man for insurance proceeds were tried together. In that case, the government produced evidence at trial of a murder committed by one of the defendants 13 years earlier. The district court denied severance, but the appeals court reversed, noting that "Handy was in no way involved in this [prior] scheme."

This case is distinguishable from the cases cited by Defendant, however, in that it is undisputed both defendants are alleged to have acted together, in fact, aided and abetted each other in the assault of an inmate. As Outlaw himself states, the government plans to introduce video evidence that he punched and kicked the alleged victim while Heiligh stabbed him. While the undersigned cannot know at this time what evidence the government will present, or how strong that evidence is against either defendant, Outlaw has not shown that "evidence of [his] guilt presented in isolation might not have been sufficient to produce a conviction." Lane, supra. As to Counts Two and Three, he is not charged and he could not possibly be found guilty of either of those charges. The evidence used by the United States to prove its case against Heiligh on Counts Two and Three is distinguishable from the evidence it will use to prove its case against Outlaw in Count One. The evidence used by the United States to prove its case against Heiligh on Counts Two and Three is not admissible against Outlaw on the trial of Count One.

The undersigned finds Outlaw's argument does not meet his burden of showing there is a serious risk that a joint trial would compromise a specific trial right of himself, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th Cir.), cert. denied, 537 U.S. 1094 (2002). Rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the long favored giving of limiting instructions to the jury will adequately protect Outlaw

from the so called spill over effect of the evidence presented against Heiligh relative to Counts Two and Three.  See, e.g., Mir, 525 F.3d at 357-358; Harris, 498 F.3d at 291; Cardwell, 433 F.3d at 388; Mackins, 315 F.3d at 415; Najjir, 300 F.3d at 475; Johnson, 219 F.3d at 357; United States v. Cole, 857 F.2d 971 (4th Cir. 1988); and United States v. Porter, 821 F.2d 968 (4th Cir. 1987).  Accordingly, the undersigned finds that a limiting instruction to the jury could easily be fashioned that would prevent the jury from considering evidence from Counts Two and Three in deciding whether Outlaw is guilty of the offense in Count One.

Heiligh's position in this motion to sever is even weaker than Outlaw's.  All the above law and analysis also applies to Heiligh's claim.  While Outlaw does at least have an argument that Heiligh's more serious offenses may be prejudicial to him, requiring a limiting instruction, the undersigned finds Heiligh has not shown any prejudice from being tried with Outlaw.

For all the above reasons, the undersigned recommends Defendants' Motion to Sever Trial from Co-Defendant [Docket Entry 14] be **DENIED** as to both defendants.

**Severance of Counts**

Heiligh alone filed a Motion for Relief from Prejudicial Joinder, moving the Court to order severance and separate trials of Count One from Counts Two and Three [Docket Entry 16].[1]  As already stated, Count One involves the assault of an inmate with a weapon on April 16, 2009.  Counts Two and Three involve the assault with a weapon on a corrections officer and resisting, obstructing, and impeding with a dangerous weapon, officers at USP Hazelton.  Defendant argues he will be unfairly prejudiced by a trial of Count One together with Counts Two and Three "insofar as the jury will undoubtedly view the evidence presented in support of each alleged crime in a way

---

[1]Defendant Outlaw notes he does not concede there was proper joinder in this case.

to infer the likelihood of guilt on the other charge." He further argues: "the jury cannot be reasonably or realistically expected to compartmentalize the evidence presented in support of the individual charges so as to prevent unfair prejudice." United States v. Massa, 740 F.2d 629)(8th Cir. 1984). Finally, Heiligh argues that "presentation of other crimes, wrongs or acts during the trial of an individual for another alleged crime is violative of the principles and protections underlying Rule 404(b) of the federal rules of Criminal Procedure."

> Federal Rule of Criminal Procedure 8(a) provides:
>
> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> In the recent case United States v. Hawkins, - - - F.3d - - - , 2009 WL 4906678 (4th Cir. 2009), the Fourth Circuit Court of Appeals noted:
>
>> Fed. R. Crim. P. 8(a) permits "very broad joinder," [United States v.] *Mackins*, 315 F.3d at 412 [(4th Cir. 2003)] (quoting 1A Charles Alan Wright, Federal Practice & Procedure section 141 (3d ed. 1999)), "because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008). Thus joinder is the "rule rather than the exception," *United States v. Armstrong*, 621 F.2d 951, 954 (4th Cir. 1980)(quoted favorably in *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995)), "because of the efficiency in trying the defendant on related counts in the same trial." *Cardwell*, 433 F.3d at 385.
>>
>> The requirements of Rule 8(a), however, "are not infinitely elastic," *Mackins*, 315 F.3d at 412 and so "cannot be stretched to cover offenses . . . which are <u>discreet and dissimilar</u>." *Id.* at 412. Joinder of unrelated charges "create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense."

Id. (internal citations omitted) (Emphasis added).

Here the undersigned finds the offenses in Count One and those in Counts Two and Three

are not "based on the same act" and do not "constitute parts of a common scheme or plan." Fed.R.Crim.P. 8. Thus joinder rises or falls on whether Count One is of a "same or similar character" to Counts Two and Three or rather are "discreet and dissimilar."[2]

Heiligh argues that the offense alleged in Count One is "entirely unrelated" to those alleged in Counts Two and Three, noting that a review of the evidence indicates they will not involve the same witnesses (apparently even the medical teams involved in each were different); the first assault was on an inmate and the second on a correctional officer; and the incidents were over four months apart in time and unrelated. Further, evidence of one incident would not be admissible in a separate trial of the other incident.

The Government contends that all three counts were properly joined as offenses of the "same or similar character," noting that each involved Heiligh assaulting an individual in the prison with a dangerous weapon, apparently a knife-like instrument.

Upon consideration of all which, the undersigned finds the incident that forms the basis of Count One is not "discreet and dissimilar" from that which forms the basis of Counts Two and Three. The two are of a "same or similar character." Hawkins, supra.

Heiligh argues that even if the Court finds the two offenses similar, they should still be severed due to prejudice, because "the jury cannot be reasonably or realistically expected to compartmentalize the evidence presented in support of the individual charges so as to prevent unfair prejudice." Again, rather than the more radical remedy of severance of the Counts, requiring multiple trials, the courts have long favored limiting instructions to the jury. See, e.g., Mir, 525 F.3d

---

[2]Heiligh does not contend that Counts Two and Three should be severed from each other. As discussed later, however, he does argue that those counts are multiplicitous, an argument which will be discussed later in this Report and Recommendation.

at 357-358; Harris, 498 F.3d at 291; Cardwell, 433 F.3d at 388; Mackins, 315 F.3d at 415; Najjir, 300 F.3d at 475; Johnson, 219 F.3d at 357; United States v. Cole, 857 F.2d 971 (4th Cir. 1988); and United States v. Porter, 821 F.2d 968 (4th Cir. 1987). The undersigned finds that a limiting instruction to the jury could easily be fashioned that would prevent the jury from considering evidence from Counts Two and Three in deciding whether Heiligh is guilty of the offense charged in Count One.

For all the above reasons the undersigned recommends Defendant Heiligh's Motion for Relief From Prejudicial Joinder [Docket Entry 16] be **DENIED**.

**Motion to Consolidate Counts or Dismiss for Multiplicity**

Defendant Heiligh alone moves the Court to either consolidate Counts Two and Three or Dismiss those counts due to multiplicity. "Multiplicity" in an indictment has been defined as the charging of a single offense in several counts. See Geberding v. United States, 471 F.2d 55 (8th Cir. 1973), citing Wright, Federal Practice and Procedure section 142, p. 306. (1969 ed.) Heiligh is charged in Count Two with the offense of forcibly assaulting with a dangerous weapon an employee of the BOP while he was engaged in his official duties. He is charged in Count Three with forcibly resisting, opposing and impeding with a dangerous weapon employees of the BOP, while they were engaged in official duties. Both alleged offenses are violations of 18 U.S.C. section 111(a) and (b), assaulting resisting, or impeding certain officers or employees.

A review of the Incident Report from August 25, 2009 indicates that a fight had broken out between two inmates in USP Hazelton. A Corrections Officer, M. Houck ("Houck") responded to the fight and ordered the inmate to the ground. While Houck was standing by the inmate Heiligh ran toward the disturbance with a weapon in his hand. Houck ordered Heiligh several times to get

down and drop the weapon, but he refused to comply, and proceeded toward Houck. Once close enough, Heiligh swung the knife at Houck, who jumped back. Heiligh then went toward another inmate and staff that were already on the ground. Another officer arrived and took Heiligh to the ground while Houck attempted to get the weapon from Heiligh. In the struggle Houck was thrown from the pile, landing on his back. Heiligh then jumped on Houck and attempted to stab him.Houck was holding Heiligh's arm while other staff subdued him and gained control of him.

Heiligh describes the above as "a single, discrete and continuous course of conduct." The Government argues that Heiligh assaulted Houck when he refused to comply with Houck's order to put the weapon down and instead went toward Houck and swung the knife at him. The Government argues that Heiligh then resisted, opposed, and impeded the BOP employees during which he used a dangerous weapon.

The undersigned agrees with the Government that the above describes two separate and distinct acts– first assaulting Houck with the knife, and then resisting staff when they attempted to subdue him. Heiligh argues that he believes the Government will be unable to make a prima facie showing that the evidence depicts anything other than a single distinct and continuous act. Should he still believe the Government has not made such a showing, he can re-raise the issue at the conclusion of the Government's case in chief.

The undersigned therefore recommends Heiligh's Motion to Consolidate Counts or Dismiss Indictment for Multiplicity [Docket Entry 17] be **DENIED**.

### IV. Recommendation

For the reasons herein stated, the undersigned United States Magistrate Judge respectfully

**RECOMMENDS** both Defendants' Motions to Sever Trial from Co-Defendant [Docket Entry 14] be **DENIED**;[3] Heiligh's Motion for Relief from Prejudicial Joinder [Docket Entry 16] be **DENIED**; and Heiligh's Motion to Consolidate Counts or Dismiss Indictment for Multiplicity [Docket Entry 17] be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit a copy of this Opinion/Report and Recommendation to counsel of record.

Respectfully submitted this day of January, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] As already noted, Defendant Heiligh's Motion to Join Outlaw's Motion to Sever [Docket Entry 15] is **GRANTED**.